## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | | |
|---|---|---|
| **CARLOS YANES** | * | Civil Action No.: |
| 94 Sugarland Run Drive | * | |
| Sterling, Virginia 20164 | * | |
| *Resident of Loudoun County* | * | Collective Action Claims |
| | * | |
| Plaintiff, | * | |
| | * | Class Action Claim |
| v. | * | |
| | * | |
| **ACCEL HEATING AND COOLING, LLC** | * | <u>Jury Trial Requested</u> |
| 16021 Industrial Drive | * | |
| Unit #7 | * | |
| Gaithersburg, Maryland 20877 | * | |
| | * | |
| Serve:  Edward Riley, Jr., Resident Agent | * | |
|        845 The Old Station Court | * | |
|        Woodbine, Maryland 21797 | * | |
| | * | |
| and | * | |
| | * | |
| **EDWARD RILEY, SR.** | * | |
| 845 The Old Station Court | * | |
| Woodbine, Maryland 21797 | * | |
| *Resident of Howard County* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT FOR WAGES OWED</u>

Plaintiff, CARLOS YANES, by and through his undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submits his Complaint against Defendants, ACCEL HEATING AND COOLING, LLC and EDWARD RILEY, SR., to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"); unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and

Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq.* (hereinafter, "MWHL"); and unpaid wages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq.* (hereinafter, "MWPCL"), and in support thereof, states as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from a common scheme devised by the Defendants to avoid paying Plaintiff and others similarly situated their wages owed. As described herein, Defendant, Accel Heating and Cooling, LLC is a private organization that is engaged in the business of installing and servicing heating and air-conditioning equipment, located in Gaithersburg, Maryland. Defendants hired Plaintiff and other similarly situated employees to work as technicians and lead technicians. However, the Defendants failed to compensate Plaintiff and others for all hours worked.

The Defendants are able to complete these illegal acts by not paying Plaintiff for all the hours over forty (40) that he worked each workweek. Plaintiff's duties did not exempt him from the overtime requirements of the FLSA or MWHL. The Defendants willfully and intentionally did not pay Plaintiff and others similarly situated for all hours worked. Through these unlawful schemes, the Defendants willfully and intentionally evaded the payment of wages owed to Plaintiff and others similarly situated.

## THE PARTIES

1. Plaintiff, Carlos Yanes (hereinafter, "Mr. Yanes" and/or "Plaintiff") is an adult resident of Loudoun County, Virginia.

2. Defendant, Accel Heating and Cooling, LLC (hereinafter, "Accel" and/or "Defendant") is a private organization that is engaged in the business of selling, installing and servicing heating and air-conditioning equipment. Accel has its principal office in Gaithersburg, Maryland.

3. Defendant, Edward Riley, Sr. (hereinafter, "Mr. Riley" and/or "Defendant") is the president and owner of Accel Heating and Cooling, LLC. Mr. Riley is an adult resident of Howard County, Maryland.

4. Due to the nature of their business, the Defendants are subject to the FLSA, MWHL and MWPCL.

5. Due to the amount in revenues generated by the Defendants, the Defendants are subject to the FLSA, MWHL and MWPCL; the Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

6. At all times relevant to this Complaint, Plaintiff engaged in interstate commerce by nature of his duties performed as part of his employment with the Defendants.

7. Plaintiff worked for the Defendants, who, at all times throughout Plaintiff's employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d) MWHL § 3-401(b) and MWPCL § 3-501(b).

8. At all times relevant, Plaintiff and others similarly situated worked as non-exempt employees for the Defendants.

9. At all times relevant to this Complaint, the Defendants controlled the administration of their business and set employee schedules, including that of Plaintiff and other similarly situated employees.

10. The Defendants were actively engaged in the management and direction of Plaintiff and others similarly situated.

11. The Defendants possessed and exercised authority to determine the hours worked by Plaintiff and others similarly situated.

12. The Defendants had the authority to control Plaintiff's tasks and the tasks of others similarly situated.

13. The Defendants had the power and authority to change the nature of the duties of Plaintiff and others similarly situated.

14. Plaintiff and other members of the putative class recognized the Defendants' authority and obeyed the Defendants' instructions.

15. The Defendants made all decisions relating to the rates and methods of pay of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

16. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

17. Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

18. Plaintiff and others similarly situated were employed by the Defendants to work as technicians and lead technicians. During the course of their employment as technicians and lead technicians, Plaintiff and others similarly situated performed duties related to the installation, repair and maintenance of heating and cooling equipment.

19. Each workday, Plaintiff would receive a work order indicating the location of each jobsite, and the required materials he would need to complete the job. Plaintiff would then have to load the necessary equipment onto the company vehicles, and if necessary, purchase materials from hardware and plumbing stores, based on the needs of each particular job.

20. Plaintiff would then travel to the jobsite, and perform the work on the jobsite based on the work order that had been provided to him.

21. On a daily basis, Plaintiff's duties could include the following: maintenance on existing heating or cooling systems, including cleaning, testing, and repairing of different sections of the equipment, the removal of old or non-working systems, the installation of new systems, installing plumbing, electrical lines (high and low voltage), drain lines and gas lines to the equipment, running duct work and venting throughout the locations, installing filters, fans, humidistats, thermostats, exhaust systems, and supplying the new systems with the appropriate refrigerant based on the manufacturers specifications.

22. Plaintiff was paid overtime sporadically for the additional hours he worked each week. On many paystubs Plaintiff is only partially paid for the overtime he worked. Examples of this include the paystub dated May 16, 2014, on which it is indicated that Plaintiff worked forty-four (44) hours that week, but was only paid straight time for the additional four (4) hours of overtime worked that week. Another example is the paystub dated May 23, 2014, on which Plaintiff worked fifty-four (54) hours, was paid nine and a half (9.5) hours of overtime, but was only paid straight time for the additional four and a half (4.5) hours he worked. Over the course of Plaintiff's employment with Defendant, the overtime paid to Plaintiff was inconsistent.

23. Plaintiff's schedule would vary, arriving at the Defendants' shop between approximately 7:00 a.m. and 7:30 a.m. Plaintiff would complete the jobs for the day anywhere

between 12:00 p.m. and 9:00 p.m., depending on the quantity and duration of projects Plaintiff had been assigned to complete.

24. Plaintiff was hired by the Defendants in March of 2009 and resigned his employment in February of 2015.

25. Plaintiff was initially hired in 2009 as a helper and was paid fifteen (15) dollars per hour. Plaintiff was then promoted to lead technician in 2011, and was paid twenty-five (25) dollars per hours for his services. Plaintiff was making thirty (30) dollars per hour when he resigned from the Defendants company.

26. Plaintiff satisfied all the requirements of his job and adequately performed his duties to benefit the Defendants and the Defendants' customers. Plaintiff completed all of his duties to the extent required by the Defendants.

27. Plaintiff exercised no control, nor did he have the authority to do so, over the Defendants' management policies.

28. Plaintiff exercised no independent judgment over matters of significance.

29. For the duration of his employment, Plaintiff performed no analysis.

30. Plaintiff and others similarly situated did not supervise other employees.

31. Plaintiff and others similarly situated did not have the authority to hire or fire other employees.

32. Plaintiff and others similarly situated did not interpret any information.

33. Plaintiff and others similarly situated did not write any reports.

34. Plaintiff and others similarly situated made no recommendations.

35. Plaintiff and others similarly situated had no discretion in performing any of their assigned tasks.

36. Plaintiff satisfied the requirements of his job and adequately performed his duties to benefit Defendants, as well as Defendants' customers.

37. For the duration of his employment, Plaintiff's schedule consisted of anywhere from a forty (40) to a fifty (50) hour workweek, depending on the needs of the Defendants.

38. The Defendants enacted the practices discussed above in order to evade both Federal and Maryland wage laws. These practices directly resulted in Plaintiff and others similarly situated not being paid overtime wages.

39. There is no bona fide dispute that Plaintiff and others similarly situated are owed overtime wages for hours worked over forty (40) in a workweek. The Defendants, acting in bad faith, withheld these overtime wages. Plaintiff was required to be paid overtime. At no time did Plaintiff's duties include work that would make him exempt from the FLSA and MWHL provisions.

40. The nature of Plaintiff's duties did not excuse the Defendants from paying Plaintiff overtime pay ("time-and-a-half") for hours worked in excess of forty (40) in a workweek.

41. Plaintiff's job responsibilities did not require an advanced degree or specialized intellectual instruction or study.

42. Plaintiff and others similarly situated retained no discretion in performing any of their assigned duties.

43. The Defendants knew that Plaintiff and others similarly situated customarily worked over forty (40) hours per week and suffered and/or permitted Plaintiff and others similarly situated to work these overtime hours.

44. Due to the nature of Plaintiff's duties, the Defendants required Plaintiff to work more than forty (40) hours per workweek.

45. The Defendants knew that Plaintiff was not compensated for overtime for all hours worked. Plaintiff received only partial overtime pay ("time-and-a-half") for hours worked over forty (40) in a week.

46. Consequently, Plaintiff seeks the wages he is entitled to and other available relief through this complaint.

47. The Defendants were well aware of the overtime hours worked by Plaintiff.

48. Defendants controlled and supervised the work that Plaintiff performed.

49. Defendants permitted Plaintiff to work more than forty (40) hours per week and failed to fully compensate Plaintiff for working these additional hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. The Defendants employed Plaintiff and others similarly situated to work as technicians and lead technicians.

51. The FLSA requires employers to compensate non-exempt employees such as Plaintiff and others similarly situated, overtime wages for hours worked over forty (40) within a single workweek.

52. The Defendants knew that Plaintiff and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others similarly situated to work more than forty (40) hours per week.

53. The Defendants knew, or should have known, that Plaintiff and those similarly situated were entitled to their regular rate of pay for each hour of work and overtime payments for hours worked in excess of forty (40) in a workweek.

8

54. Upon information and belief, these similarly situated employees are subject to the same unlawful practices described within this complaint.

55. Pursuant to the FLSA, Plaintiff commences this collective action against the Defendants on behalf of himself and those similarly situated for the payment of wages owed for all hours worked and an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

56. There are numerous similarly situated current and former employees of the Defendants that have been harmed by the Defendants' common scheme to underpay its employees and violate the FLSA.

57. These similarly situated persons are known to the Defendants and are readily identifiable through the Defendants' records.

58. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

59. Upon information and belief, others will choose to join Plaintiff in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

60. Plaintiff brings this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and other current and former employees that served as lead technicians for Defendants and were subject to the following practices and policies:

61. Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek.

62. Plaintiff is a member of the proposed class he seeks to represent.

63. The claims alleged by Plaintiff are typical of the claims of the proposed class members.

64. The potential members of the class are sufficiently numerous that joinder of all class members is impractical.

65. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

66. Counsel for the proposed class is qualified in litigating MWHL class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

67. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### Count I. Violation of the FLSA: Failure to Pay Overtime Wages

68. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

69. Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

70. As described above, Plaintiff has not received from Defendants compensation reflecting the prescribed overtime wage rate for all hours worked in excess of forty (40) in a week; Defendants failed to compensate Plaintiff for these additional hours.

71. The Defendants willfully and intentionally failed to compensate Plaintiff for the overtime wages he is owed. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for the Defendants.

72. Under the FLSA, Plaintiff is entitled to additional wages from the Defendants to compensate him for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### Count II. Violation of MWHL: Failure to Pay Overtime Wages

73. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

74. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

75. Plaintiff has not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

76. The Defendants willfully and intentionally did not compensate Plaintiff for the overtime wages he was owed. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendants.

77. Under MWHL, Plaintiff is entitled to additional wages from the Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### Count III. Violation of the MWCPL: Failure to Pay Wages Owed

78. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

79. Plaintiff is entitled to wages under the Maryland Wage Payment Collection Law, Labor and Employment §§3-501 *et. seq.*, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

80. In accordance with §3-505(a), Plaintiff has not received compensation from the Defendant for all wages owed for work performed before the termination of his employment.

81. The Defendant willfully and intentionally did not compensate Plaintiff for the wages owed to him and continued to violate the MWPCL, even after Plaintiff informed the Defendant of the violation.

82. Under the MWPCL, there is no bona fide dispute that Plaintiff is owed wages for work performed while employed by the Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, prays for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

b) Designation of this action as a class action on behalf of Plaintiff and all members of the proposed class;

c) Judgment against the Defendants for their failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

d) Judgment against the Defendants for their failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by MWHL;

e)  An award against the Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, to Plaintiff and those similarly situated;

f)  An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

g)  An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by the Defendants;

h)  Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

i)  All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

/s/
Joseph Spicer, Esquire #27839
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Telephone No.: (410) 244-7005
Fax No.: (410) 244-8454
Attorney for Plaintiff